<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLYSON WALLACE, : | |
| : | |
| Plaintiff, : | Civil Action No. 02-1685 (JAG) |
| : | |
| v. : | **OPINION** |
| : | |
| UNITED PARCEL SERVICE, : | |
| : | |
| Defendant. : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment by Defendant United Parcel Service ("UPS"), pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

<u>BACKGROUND</u>

Plaintiff Allyson Wallace ("Wallace") is an African-American woman who worked for UPS at their Meadowlands facility in New Jersey between 1999 and 2001. Wallace alleges that she was harassed repeatedly at work because of her race and gender. In April of 2001, Wallace received a notice of discharge. She then filed a criminal harassment complaint with the Secaucus, New Jersey Police Department, alleging that she endured harassment at UPS. In the following two months, she submitted forged doctors' notes to UPS, which led to her termination in June of 2001.

On September 18, 2002, Wallace filed the instant Complaint, alleging discriminatory discharge in violation of Title VII, discriminatory failure to promote in violation of Title VII,

retaliatory discharge in violation of Title VII, hostile work environment in violation of Title VII, and violation of her rights under the Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution.

## LEGAL STANDARD

**I.      Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that

there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.     Employment Discrimination: Disparate Treatment Claims

All disparate treatment[1] claims for employment discrimination under federal law are analyzed by application of the McDonnell Douglas test:

> The Court in *McDonnell Douglas* set forth a burden-shifting scheme for discriminatory-treatment cases.  Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action.  If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual.  The Courts of Appeals have consistently utilized this burden-shifting approach when reviewing motions for summary judgment in disparate-treatment cases.

Raytheon Co. v. Hernandez, 540 U.S. 44, 50 (2003) (citations omitted).

"To establish a prima facie case of discriminatory discharge a Title VII plaintiff must show (1) that she is a member of a protected class, (2) she was qualified for the position, (3) she was discharged, and (4) the position was ultimately filled by a person not of the protected class." Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1066 (3d Cir. 1996).  If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory reason for the employee's rejection."  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

The employer may satisfy the burden by introducing evidence which, taken as true, would allow the factfinder to conclude that there was a nondiscriminatory reason for the unfavorable employment decision.  St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).  The employer

---

[1] A disparate treatment case is one in which "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

need not prove that the tendered reason actually motivated the decision.  Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).  The burden of proving intent remains with the Plaintiff.  Id.

If the defendant employer satisfies the burden, then "the plaintiff must 'submit evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'"  Fakete v. Aetna, 308 F.3d 335, 338 n.3 (3d Cir. 2002). The plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow the factfinder to infer that each of the employer's proffered nondiscriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action.  Fuentes, 32 F.3d at 764.

At this stage, the plaintiff must show, by a preponderance of the evidence, that the employer's explanation is pretextual.  Id.  "The test is whether the plaintiff ultimately persuades the factfinder that the employment decision was caused by bias" and that the real reason for the employer's adverse employment decision is discrimination.  Id.

## DISCUSSION

### I. Defendant's motion for summary judgment on discriminatory discharge

Defendant moves for summary judgment on Plaintiff's claim of discriminatory discharge in violation of Title VII, arguing that Plaintiff cannot show that UPS' reason for her discharge was a pretext for illegal discrimination.  UPS does not dispute that Plaintiff can make out a prima facie case under step one of the McDonnell Douglas analysis.  At the second step, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment

action. Defendant states that Wallace was terminated for dishonesty because she submitted forged doctors' notes.

At the third step of the McDonnell Douglas test, the burden shifts back to the Plaintiff to show that the reason articulated by the employer is not the true reason, but rather a pretext for discrimination. "[A] plaintiff may then survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000). "This burden now merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981).

Wallace has not shown that she has been the victim of intentional discrimination, either by the direct or the indirect approaches. Wallace's arguments are as follows:

      1.    UPS' reason is weak and implausible.

Wallace contends that UPS' explanation for her discharge is shown to be weak and implausible, and therefore not to be believed, because Wallace did not actually violate the express terms of the UPS honesty policy. This argument is founded on a meritless bicker about whether forging doctors' notes is truly a form of dishonesty. Wallace has admitted that she forged doctors' notes and submitted them to UPS. (Pl.'s Opp. Br. 1.) This argument does not provide any basis for a factfinder to reasonably disbelieve the employer's explanation for her

discharge.

                2.      Wallace was justified in forging the doctors' notes.

Wallace contends that her forgeries were a justified response to a hostile work environment. Wallace provides no legal or logical basis for the argument that, if her conduct was justified, it shows that Defendant's explanation for her discharge is a pretext for illegal discrimination. Whether or not Wallace was justified in breaking the rules by forging doctors' notes, there can be no question that she broke the rules, and was fired for it. The issue of justification is relevant only insofar as Wallace questions whether the employer's response was justified, as above. Plaintiff's argument justifying her own conduct is irrelevant to the burden on Plaintiff, at step three of the McDonnell Douglas analysis, of persuading the Court that she has been the victim of intentional discrimination.

Under Fuentes, at the third step of the McDonnell Douglas analysis, Wallace has the burden of producing evidence that would allow the factfinder to infer that each of the employer's nondiscriminatory reasons was "was either a post hoc fabrication or otherwise did not actually motivate the employment action." Fuentes, 32 F.3d at 764. Wallace has not carried her burden under Fuentes. Careful scrutiny of Wallace's arguments shows that Wallace has submitted no evidence whatever to meet her step three burden. Defendant's motion for summary judgment will be granted as to Plaintiff's claim for discriminatory discharge in violation of Title VII.

**II.    Defendant's motion for summary judgment on failure to promote**

Defendant also moved for summary judgment on Plaintiff's claim for failure to promote in violation of Title VII, arguing that Plaintiff cannot establish a prima facie case. This is persuasive, and Plaintiff has failed to make out a prima facie case.

The Supreme Court has applied the McDonnell Douglas framework to claims for failure to promote in violation of Title VII, setting forth the requirements of the prima facie case as follows: "petitioner need only prove by a preponderance of the evidence that she applied for and was qualified for an available position, that she was rejected, and that after she was rejected respondent [] continued to seek applicants for the position." Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989). Plaintiff has failed to present any evidence that an available position existed, that she was qualified for it, that she applied, was rejected, and that the employer continued to seek applicants for the position. Defendant's motion for summary judgment on Plaintiff's claim for failure to promote is granted.

### III.     Defendant's motion for summary judgment on retaliatory discharge

Defendant also moved for summary judgment on Plaintiff's claim for retaliatory discharge in violation of Title VII, arguing that Plaintiff cannot establish a prima facie case. "To establish a prima facie case of retaliation, a plaintiff must show that: (1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action." Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001). UPS contends that Plaintiff cannot satisfy the third element, as there is no causal connection between the protected activity (Plaintiff's complaints of harassment) and her discharge.

In response, Wallace argues that the Third Circuit allows establishment of a causal connection by circumstantial evidence, citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000). This point, while correct, merely states the fact-specific and flexible nature of the causal connection inquiry. Wallace must still submit evidence that establishes a causal

8

connection. For evidence, all Wallace points to is the fact that UPS terminated her employment two months after she filed a complaint with the Secaucus Police Department, and that she had made other internal complaints at UPS. Wallace contends that this is "sufficient evidence from which a trier of fact could infer that UPS's decision to terminate Ms. Wallace was in retaliation for her complaints of harassment and discrimination." (Pl.'s Opp. Br. 16.)

As the Third Circuit has made clear, a court inquires into the causal connection element by examining all the facts and circumstances of the discharge. The circumstances of Wallace's discharge include not only her complaint to the police, but also her admitted acts of forging doctors' notes and submitting them to her employer. Wallace admits that she submitted the forged notes after she made the police complaint. (Counter. Mat. Facts ¶¶ 33-36.) Moreover, Wallace concedes that she had already received a notice of discharge from UPS prior to her filing her complaint with the police. (Pl.'s Opp. Br. 15.)

In this context, this Court cannot conclude that Plaintiff has submitted evidence from which a causal connection may be inferred, nor even evidence sufficient to raise a genuine factual question as to the existence of a causal connection. Plaintiff has not shown a factual issue for trial, nor has she submitted evidence from which a reasonable jury could find in her favor at trial. Defendant's motion for summary judgment on Plaintiff's claim of retaliatory discharge is granted.

**IV.     Defendant's motion for summary judgment on hostile work environment**

Defendant also moved for summary judgment on Plaintiff's claim of a hostile work environment in violation of Title VII, arguing that Plaintiff cannot prove that the harassment was severe or pervasive. On this claim, Plaintiff has submitted evidence which shows genuine issues

of fact for trial.

The Supreme Court stated the "severe or pervasive" standard for a hostile work environment claim in violation of Title VII in Harris v. Forklift Sys., 510 U.S. 17, 21-22 (1993):

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

Wallace alleges that she was called "nigger" repeatedly by UPS supervisors. Wallace testified at deposition that she was called that on five occasions in 2001 by Marylou Olenhaus (Heslin Aff. Ex. A 106:8 - 107:9), "constantly" by Belinda Tucker (Id. at 107:15 - 108:7, 110:22 -111:14), and once by R.J. Gallenone in 2000 (Id. at 112:16-25.) Wallace also points to the deposition testimony of Marylou Olenhaus, in which she stated that she heard the word used at UPS on only one occasion, and it was not directed to Plaintiff. (Lario Cert. Ex. N 72:13-15.) Belinda Tucker testified that she had heard the word used by young employees at UPS as a slang expression, not as derogatory speech. (Lario Cert. Ex. O 61:1-13.)

Defendant argues that this cannot support a finding of a hostile work environment, but this is unpersuasive. Defendant also argues that the testimony of a plaintiff whose dishonesty has been proven cannot substantiate this claim. At a motion for summary judgment, however, the Court does not make credibility determinations or weigh the evidence, and every reasonable inference is made in Plaintiff's favor. Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004). A reasonable jury could conclude from Wallace's testimony that UPS employees used the word "nigger" with Plaintiff in a way that created an environment that a reasonable person would

10

find hostile or abusive. Plaintiff's deposition testimony is sufficient to show the existence of a material factual issue for trial. Defendant's motion for summary judgment on the hostile work environment claim is denied.

## V.     Defendant's motion for summary judgment on the remaining claims

Defendant moves for summary judgment on Plaintiff's claims under §§ 1983, 1985 and 1986, as well as her claims under the Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution. Plaintiff stated that she does not oppose the motion as to these claims. (Pl.'s Opp. Br. 2.) Defendant's motion for summary judgment on these remaining claims will be granted.

## **CONCLUSION**

For the reasons stated above, this Court determines that, for every claim in the Complaint except for the claim of a hostile work environment, Defendant has demonstrated that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is granted in Defendant's favor on every claim in the Complaint except for the claim of a hostile work environment. Defendant's motion for summary judgment on the claim of a hostile work environment is denied.


                                                   S/Joseph A. Greenaway, Jr.
                                            JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: June 29, 2006